J-S16029-17

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| FRANKIE G. BURTON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| INNOVATIVE DTV SOLUTIONS, INC. | |
| | No. 1462 WDA 2016 |

Appeal from the Order January 14, 2016
in the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2017-2013-CD, EB-9790

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.: **FILED MAY 24, 2017**

Appellant, Frankie G. Burton, appeals *pro se* from the order entered January 14, 2016, granting summary judgment in favor of Appellee, Innovative DTV Solutions, Inc., and dismissing his complaint with prejudice. We affirm.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record. **See** Trial Court Opinion (TCO), 1/15/16, at 1-8.

In October 2012, Appellant, an inmate incarcerated at SCI-Houtzdale, purchased a television from Appellee. The television came with a one-year limited warranty, which provided that for a period of ninety days from the

_____

[*] Retired Senior Judge assigned to the Superior Court.

original date of purchase, Appellee would repair or replace the defective product and, for a period of one year after the original purchase, Appellee would supply new or rebuilt replacements for defective parts. The warranty also provided that the customer must return the unit to Appellee and that Appellee will not be responsible for delays or unprocessed claims resulting from a purchaser's failure to provide necessary information.

On June 14, 2013, Appellant notified prison officials that the television was malfunctioning. Appellant was placed on the "callout list" to return the television, but missed the callout without explanation. Approximately one week later, Appellant was again placed on a "callout list," but the prison was on lockdown. Appellant's subsequent grievance request was denied due to his failure to report for the June 14 callout.

In October 2013, Appellant filed a complaint in the magisterial district court of Clearfield County against Appellee as well as the Department of Corrections ("DOC") and the Bureau of Correctional Industries ("BCI"). BCI and the DOC were dismissed from the action by the magisterial district judge, and Appellant separately appealed from this order, docketed at 2014-73-CD.

In November 2013, Appellant obtained a default judgment against Appellee. Appellee appealed the default judgment to the Court of Common Pleas of Clearfield County. Appellant responded by filing a complaint, which

generally averred that Appellee had breached the express warranty of the television.[1] Appellee filed an answer and new matter to the complaint.

In October 2015, the court issued an order that stated that all motions for summary judgment should be filed by December 1, 2015. In November 2015, Appellant timely filed a motion for summary judgment, which the court denied. On December 21, 2015, Appellee filed its own motion for summary judgment, averring that because Appellant had not complied with the obligations of the warranty, Appellee was entitled to judgment as a matter of law. The court granted Appellee's motion and dismissed the complaint with prejudice.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court did not issue a responsive opinion.

On appeal, Appellant raises the following questions for our review:

> 1.A. Whether the trial court erred and/or abused its discretion in allowing [Appellee] to file an untimely motion for summary judgment beyond the thirty (30) days ordered to do so where [Appellee] had already filed an answer in opposition to Appellant's motion for summary judgment, and for dismissing Appellant's motion to strike Appellee's untimely motion?
>
> 1.B. Should this honorable Court dismiss/strike [Appellee's] untimely motion for summary judgment from [its] review of this matter?

_____

[1] We would note that the pleadings below are nearly indecipherable. It appears that the trial court construed Appellant's pleadings as an attempt to raise a claim for breach of express warranty.

2.A. Whether the trial court erred and/or abused its discretion by improperly and prematurely granting the Appellee's untimely motion for summary judgment based upon the pleadings and submissions presented in the case, and their inclusion of claims/argument not previously raised, thereby prejudicing Appellant, and whether Appellant presented genuine issues of material facts essential in establishing the underlying cause of action against [Appellee], entitling him to summary judgment as a matter of law?

2.B. Whether [Appellee] breached its guaranteed written expressed and implied warranty of merchantability with respect to a defective 19" RCA television, in [violation] of the Magnuson-Moss Warranty—Federal Trade Commission [Improvement] Act; the warranty provision of [the] Pennsylvania Uniform Commercial Code; and Pennsylvania Unfair Trade Practice and Consumer Protection laws?

3. Whether the default judgment entered against [Appellee] by the magisterial district judge should have been upheld in this case, and whether Appellant was entitled to payment, cost, damages, legal/litigation expenses, and interest incurred in the case[?]

4. Whether Appellant established an underlying cause of action on liability against [Appellees] Bureau of Correctional Industries (PCI)/Department of Corrections [DOC], to have had them joined in summary judgment?

Appellant's Brief at x-xi (unnecessary capitalization omitted).[2]

With regard to such motions,

the standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for

---

[2] Appellant raised a fifth issue which he designated as withdrawn on appeal. ***See*** Appellant's Brief at xi.

- 4 -

summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion . . . .

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566–67 (Pa. 2005) (citations omitted). To the extent this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. *Truax v. Roulhac*, 126 A.3d 991, 996 (Pa. Super. 2015).

Appellant first argues that the court erred in allowing Appellee to file untimely a motion for summary judgment, despite having issued an order that motions for summary judgment were to be filed no later than December 1, 2015. *See* Appellant's Brief at 6. He avers he suffered prejudice as a result, as he was not given a full and fair opportunity to oppose the motion. *Id.* at 8-9. In a separate claim, which we will treat as a prayer for relief, Appellant also requests that we strike Appellee's motion for summary judgment from our review of this matter. *Id.* at 9.

A motion for summary judgment may be filed after relevant pleadings are closed, but within such time as to not unreasonably delay trial. *See* Pa.R.C.P. 1035.2. The rules do not provide a specific time limitation beyond "unreasonable delay," and further, the trial court may disregard errors or defects of procedure which do not affect the substantial rights of the parties.

*See* Pa.R.C.P. 126, 1035.2. Nevertheless, it is generally improper, for instance, for the trial court to accept a motion for summary judgment on the morning of trial or after a jury has been empaneled. *See*, *e.g.*, *DiGregorio v. Keystone Health Plan E.*, 840 A.2d 361, 366–67 (Pa. Super. 2003).

Here, Appellee acknowledged that its motion had been filed after December 1, 2015, but justified its untimely filing in light of information contained in appendixes to Appellant's motion for summary judgment. This information included Appellant's affidavit and inmate grievance forms indicating Appellant's awareness that he had missed the "callout." In our view, the trial court properly exercised its discretion to consider a motion for summary judgment beyond the deadline imposed. It did not unreasonably delay trial and, as Appellant was afforded an opportunity to respond, he incurred no prejudice. *See* Pa.R.C.P. 126, 1035.2. Accordingly, no relief is due.

Next, Appellant claims that the trial court abused its discretion by granting Appellee's motion for summary judgment. *See* Appellant's Brief at 10. Appellant contends that the granting of summary judgment was in error where Appellee raised claims not previously raised, and where Appellant had raised genuine issues of material fact. *Id.*

As discussed above, summary judgment is proper only where no genuine issue of material fact remains, and summary judgment is

appropriate as a matter of law. *See Swords*, 883 A.2d at 567. Here, we note that

> pleadings must define the issues and thus every act or performance essential to that end must be set forth in the complaint. The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses asserted in the case. This purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of deciphering the causes of action from a pleading of facts which obscurely support the claim.
>
> While it is not necessary that the complaint identify the specific legal theory of the underlying claim, it must apprise the defendant of the claim being asserted and summarize the essential facts to support that claim. If a plaintiff fails to properly plead a separate cause of action, the cause he did not plead is waived.

*Grossman v. Barke*, 868 A.2d 561, 568 (Pa. Super. 2005) (internal citation omitted).

Appellant pleaded, generally, that he purchased a defective television manufactured by Appellee and that Appellee did nothing to rectify or resolve the problem, despite Appellant's letters directed to the company. Neither the complaint, nor subsequent pleadings identified a specific cause of action Appellant sought to raise.

Based upon the above, Appellant has, at best, pleaded a cause of action for breach of express warranty. *See*, *e.g.*, *Grossman*, 868 A.2d at 568; *see also Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1, 35 (Pa. 2011). To prove such a claim, Appellant must establish that 1) the defendant breached or failed to meet its warranty promise; 2) the breach

was the proximate cause of the plaintiff's harm; and 3) the amount of the resulting damages. *Samuel-Basset*, 34 A.3d at 35.

Here, the warranty required that Appellant return the television within one year to be entitled to the applicable warranty protections. By his own admission, Appellant failed to do so. Regardless of the reason, the record is clear that the television was not returned within one year, through no fault of Appellee. Accordingly, Appellee possessed no obligation under the warranty. Thus, there was no genuine issue of material fact remaining, and Appellee was entitled to judgment as a matter of law. *See Swords*, 883 A.2d at 567.

Next, Appellant claims that Appellee breached its guaranteed written expressed and implied warrant of merchantability, violated the Magnuson-Moss Act, the Pennsylvania Uniform Commercial Code, and the Pennsylvania Unfair Trade Practice and Consumer Protection Laws. *See* Appellant's Brief at 18. Although Appellant raised these issues in his brief in support of his motion for summary judgment, he did not plead these claims as causes of action in his complaint. *See* Pa.R.A.P. 302; *see also Grossman*, 868 A.2d at 568. Accordingly, Appellant has waived these issues for failure to properly raise and plead them in the trial court;

Next, Appellant claims that the default judgment entered against Appellee in the magisterial district court "should have been upheld" where Appellee "failed to give an adequate explanation for failure to respond to Appellant's initial civil complaint." *See* Appellant's Brief at 24. However, the

cases Appellant cites either do not involve default judgements or do not involve appeals from default judgments at the magisterial district court level. Appellant has waived this argument for failure to properly develop it and cite to pertinent authorities in support of said argument. **See** Pa.R.A.P. 2119(a)-(c); **see also Commonwealth v. Knox**, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Finally, Appellant argues that he established an underlying cause of action against the DOC and BCI and that those parties should have been joined for purposes of summary judgment. **See** Appellant's Brief at 24-26. This Court does not have jurisdiction to hear claims regarding these agencies. **See** 42 Pa.C.S. § 762.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2017